STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

T.W.J.,
Respondent Below, Petitioner

vs) No. 15-0817 (Berkeley County Case Number 14-DV-472)

L.S.A.,
Petitioner Below, Respondent

**FILED**

**October 6, 2016**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

MEMORANDUM DECISION

The petitioner, T.W.J.[1] (hereinafter "the petitioner"), by counsel Gregory A. Bailey, Esq., and J. Daniel Kirkland, Esq., appeals an order of the Circuit Court of Berkeley County, West Virginia, denying his appeal from family court. The petitioner seeks to overturn a ruling granting a protective order against him, despite the fact that the protective order has already expired. He contends that the existence of the protective order has affected his ability to obtain employment as a law enforcement officer. The respondent, L.S.A. (hereinafter "the respondent"), filed a pro se response.

Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error, and we consequently affirm the holding of the circuit court. Based upon our decision that this case does not present a new question of law, a memorandum decision is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The petitioner and respondent were involved in a two-year romantic relationship. On December 29, 2014, the respondent filed a domestic violence petition against the petitioner, seeking an emergency protective order. She alleged that he fired a gun

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R., II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

into the air as a result of an argument between them and forced her into his car against her will on October 12, 2014.

By order dated December 29, 2014, the magistrate court entered an emergency protective order against the petitioner. On January 21, 2015, the family court held a final hearing on the emergency protective order, in which both parties presented evidence. The family court found that the respondent's evidence established the firing of the gun, the forced entry into the car, the threats to burn her belongings, the petitioner's stalking and planting drugs in her car, and his attempt to videotape her in compromising positions while in bed with him. The petitioner denied these allegations and indicated that he was over 700 miles away when some of the incidents allegedly occurred. The family court found the respondent's version of the disputed events to be more credible and held that the petitioner had committed domestic violence by placing the respondent in reasonable apprehension of physical harm and creating fear of physical harm by harassment, stalking, psychological abuse, or threatening acts. A protective order was consequently entered.

On January 30, 2015, the petitioner appealed to the circuit court. On April 21, 2015, the protective order expired, and on May 18, 2015, the circuit court denied the petitioner's appeal. That denial was based upon the merits of the appeal, rather than upon any assertion that the appeal was moot due to expiration of the protective order. The petitioner now appeals to this Court, asserting (1) the appeal is not moot; and (2) the decision of the circuit court regarding the commission of domestic violence and the issuance of a protective order should be reversed.

The matters at issue in this case require this Court's examination of a circuit court's review of a family court order. As established in the syllabus of *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004),

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law de novo.

Likewise, as specifically applicable to a domestic violence petition review, this Court has explained:

> Upon an appeal from a domestic violence protective order, this Court reviews the circuit court's final order and

2

ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed de novo.

Syl. Pt. 1, *John P.W. ex rel. Adam W. v. Dawn D.O.*, 214 W.Va. 702, 591 S.E.2d 260 (2003); *see also* W.Va. Code § 48-27-510(d) (2014). Moreover, this Court also stated as follows in syllabus point two of *John P.W.*, "[t]o allow proper judicial review, a family court judge who issues a domestic violence protective order is required to make factual findings which describe the acts of domestic violence that have been established by the evidence presented and to identify which statutory definition of domestic violence such facts demonstrate." 214 W.Va. at 703, 591 S.E.2d at 261.

Upon review of the present case by this Court, we agree with the petitioner's first contention and find that the issue of the propriety of the protective order is not moot and should be considered on appeal, given his timely appeal from family court to circuit court. As this Court has consistently held,

Three factors to be considered in deciding whether to address technically moot issues are as follows: first, the court will determine whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief; second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and of the public; and third, issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting and determinate nature, may appropriately be decided.

Syl. Pt. 1, *Israel by Israel v. W. Va. Secondary Sch. Activities Comm'n*, 182 W.Va. 454, 455, 388 S.E.2d 480, 481 (1989). In accordance with the guidance enunciated in *Israel*, this Court finds sufficient collateral consequences will result from a determination of this question, so as to justify consideration of the appeal in this Court.[2] The petitioner is a retired military officer and has completed training as a certified police officer in the State of Georgia. According to the petitioner, the entry of the protective order has greatly interfered with his ability to obtain employment. Moreover, the petitioner timely filed his appeal to the circuit

---

[2]*See also Katherine B.T. v. Jackson*, 220 W.Va. 219, 640 S.E.2d 569 (2006) (permitting appeal of matter involving domestic violence petition, even though technically moot because protective order had expired).

3

court, prior to the expiration of the protective order. The circuit court addressed the merits of this case, and this Court will review that determination in this appeal.

Upon review of the merits of the petitioner's appeal, however, this Court finds no error in the lower court's determinations. Although the petitioner strenuously argues that the family court based its findings upon insufficient evidence of domestic violence and failed to enter findings of fact justifying its order, this Court's review of the record demonstrates ample basis upon which the family court and circuit court decisions could be premised. Pursuant to West Virginia Code § 48-27-501(a) (2014), a court shall enter a protective order "if it finds, after hearing the evidence, that the petitioner has proved the allegations of domestic violence by a preponderance of the evidence."

The family court judge observed the demeanor of the witnesses and heard their testimony. The family court ultimately deemed the respondent's contentions plausible and found credible evidence that the gun was discharged during the course of the October 12, 2014, incident. Further, the family court entered sufficient findings of fact and conclusions of law, finding that the petitioner forced the respondent into the car against her will and that the respondent "is reasonably fearful for her safety." While acknowledging that the timing of the petition was suspect, based upon money owed by the respondent to the petitioner, the family court ultimately found the respondent's version of the facts surrounding the incident to be veritable.

On appeal to the circuit court, the court entered an order finding that the family court neither clearly erred nor abused its discretion in granting the protective order. On appeal to this Court, the petitioner attempts to minimize the impact of the lower courts' findings and the respondent's arguments by asserting that the parties engaged in an intermittent relationship and continued to maintain a physical relationship after the domestic violence allegedly occurred. He also reiterates all the evidence he presented below, arguing that the respondent could not truly have been in fear of him because he lived over 700 miles away by the time the respondent filed her petition. He contends that the respondent waited approximately two months between the alleged incident and her request for a protective order, thus suggesting improper motivation by the respondent. He further asserts the respondent's reason for seeking the protective order stems from her obligation to repay him money. Again, as he asserted in the lower court, the petitioner also argues that the absence of actual evidence of stalking should have inured to his benefit, and that he was in the State of Indiana on the day of the alleged stalking.

The respondent has consistently disputed the petitioner's assertions and contends that she was not motivated to file her petition based upon any payments owed to the petitioner; that someone planted a pouch of illegal drugs in her car on two occasions; and that

4

the petitioner attempted to make a video recording of her in bed, without her consent. She also reiterates her allegations that the petitioner fired a gun during a domestic dispute and forced her into a car against her will.

This Court's review of this case reveals thorough evaluations by the family court and circuit court. Evidence was presented, and sufficient findings of fact and conclusions of law were entered. The crux of the petitioner's alleged error goes to the lower courts' assessment of the parties' credibility. This Court is loath to disturb such determinations on appeal and we decline to do so in this case. Our review of the case indicates that the evidence supports the respondent's allegations and the findings of the lower courts.

For the foregoing reasons, the circuit court's May 18, 2015, order is hereby affirmed.

Affirmed.

ISSUED: October 6, 2016

CONCURRED IN BY:

Chief Justice MENIS E. KETCHUM
Justice ROBIN JEAN DAVIS
Justice BRENT D. BENJAMIN
Justice MARGARET L. WORKMAN
Justice ALLEN H. LOUGHRY II